# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIRECTV, INC.,**

**Plaintiff,**

-vs-                                                        **Case No.  6:04-cv-864-Orl-28DAB**

**CHRIS SHATTO,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SUMMARY JUDGMENT (Doc. No. 25)** |
| **FILED:** | **March 8, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Plaintiff sues Defendant asserting that he received Plaintiff's encrypted satellite signal without authorization, in violation of 47 U.S.C. § 605(a) and that he modified pirate access devices in violation of 47 U.S.C. § 605(e)(4).  Defendant moves for summary judgment, asserting that, based on certain excerpts from Responses to Interrogatories and Request for Production, Plaintiff has failed to produce evidence that Defendant possessed the alleged pirate access device illegally or that he used the device to intentionally intercept Plaintiff's electronic communications without authorization.  It is **respectfully recommended** that the motion be **denied.**

### SUMMARY JUDGMENT STANDARD

A party is entitled to judgment as a matter of law when the party can show that there is no genuine issue as to any material fact. Fed. R. Civ. Pro. 56(c). The substantive law applicable to the case determines which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323. In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255.

### FACTS AND ANALYSIS

The motion, which is a scant six pages long, relies solely on the following excerpts of Plaintiff's responses to Interrogatories and Requests for Production of Documents, to wit:

> **Interrogatory 1**: Do you contend Defendant Chris Shatto imported one more Pirate Access Devices into the United States, knowing or having reason to know that the design of such devices renders them primarily useful for the purpose of surreptitious interception of DIRECTV'S satellite transmissions of television programming or are intended to assist other persons in the unauthorized reception of DIRECTV'S satellite transmissions of television programming in violation of 47 U.S.C. 605(e)(4)? If so, please state all facts upon which you rely to support your contention, the names and addresses of all witnesses who have or are believed to have factual knowledge of the basis for your contention as well as the location from where you allege Defendant Chris Shatto imported Pirate Access Devices into the United States.
> **RESPONSE**: *DIRECTV submits that the defendant, like any reasonable person, would have reason to believe that a product sold by subscription by one company (such as DIRECTV) cannot be legally obtained through any other means or by*

*purchase from any individual or entity other than one authorized by that one legitimate company. Further, Loader1.com the website from which Defendant purchased the device at issue, was commonly known as a distributor of devices designed to unlawfully decrypt and view DIRECTV'S satellite programming, and its web site exclusively marketed devices designed for that illicit purpose. Loader1.com also had a reference page that included a link to another site that offered a large number of downloadable files for illegally modifying DIRECTV Access Cards to steal DIRECTV satellite programming.*

**Interrogatory 9**: Do you contend Defendant Chris Shatto manufactured, assembled, and/or sold one more Pirate Access Devices, knowing or having reason to know that the design of such devices render them primarily useful for the purpose of surreptitious interception of DIRECTV.S satellite transmissions of television programming? If so, please state all facts upon which you rely to support your contention as well as the names and addresses of all witnesses who have or are believed to have factual knowledge of the basis for your contention.

**RESPONSE**: *DIRECTV submits that the defendant, like any reasonable person, would have reason to believe that a product sold by subscription by one company (such as DIRECTV) cannot be legally obtained through any other means or by purchase from any individual or entity other than one authorized by that one legitimate company. Further, Loader1.com the website from which*
*Defendant purchased the device at issue, was commonly known as a distributor of devices designed to unlawfully decrypt and view DIRECTV.S satellite programming, and its web site exclusively marketed devices designed for that illicit purpose. Loader1.com also had a reference page that included a link to another site that offered a large number of downloadable files for illegally modifying DIRECTV Access Cards to steal DIRECTV satellite programming.*

**Interrogatory 10**: Do you contend Defendant Chris Shatto purchased any other alleged Pirate Access Devices other than the .Enclosed 4 in 1 Loader,. and if so, list in detail any/all other alleged Pirate Access Devices Plaintiff alleges were purchased.

**RESPONSE**: *DIRECTV is not aware of any other purchases of any other alleged Pirate Access Devices by Defendant, however Discovery is ongoing and DIRECTV reserves the right to supplement this response.*

**Interrogatory 11**: Please state whether an unadulterated .Enclosed 4 in 1 Loader. can be used for lawful purposes. If your response is anything but No to Interrogatory No, 11, please state whether any special license or authority is needed for a United States citizen to lawfully use an unadulterated Enclosed 4 in 1 Loader.

**RESPONSE**: *Subject to and without waiving the foregoing objections, DIRECTV does not contend that the device could not theoretically be used for purposes inconsistent with its circuitry and design. However, such a possibility is highly unlikely and DIRECTV is not aware of a plausible legitimate use for the device. DIRECTV maintains that the device was designed, marketed, distributed and*

*purchased to be used to obtain unauthorized access to DIRECTV satellite programming without payment to DIRECTV.*

**REQUEST FOR PRODUCTION**
**Question 7**: All records, documents, writings or otherwise evidencing Plaintiff's allegation that Defendant intentionally procured other persons to intercept DIRECTV'S satellite transmission of television programming.
**RESPONSE***: DIRECTV has no documents in its possession, custody or control that are responsive to this request at this time. However, DIRECTV notes that Discovery is Ongoing.*

**Question 8**: All records, documents, writings or otherwise evidencing Plaintiff's allegation that Defendant manufactured Pirate Access Devices.
**RESPONSE***: DIRECTV has no documents in its possession, custody or control that are responsive to this request at this time. However, DIRECTV notes that Discovery is Ongoing.*

**Question 9**: All records, documents, writings or otherwise evidencing Plaintiff's allegation that Defendant assembled Pirate Access Devices.
**RESPONSE***: DIRECTV has no documents in its possession, custody or control that are responsive to this request at this time. However, DIRECTV notes that Discovery is Ongoing.*

**Question 10**: All records, documents, writings or otherwise evidencing Plaintiff's allegation that Defendant distributed Pirate Access Devices.
**RESPONSE***: DIRECTV has no documents in its possession, custody or control that are responsive to this request at this time. However, DIRECTV notes that Discovery is Ongoing.*

**Question 11**: All records, documents, writings or otherwise evidencing Plaintiff's allegation that Defendant sold Pirate Access Devices.
**RESPONSE***: DIRECTV has no documents in its possession, custody or control that are responsive to this request at this time. However, DIRECTV notes that Discovery is Ongoing.*

From the above, Plaintiff concludes (without any analysis or citation to pertinent, specific authority) that "Plaintiff has not met its burden of proof as to the essential elements of any of its claims because Plaintiff has failed to provide any evidence to prove any of the essential elements." Even without reference to the genuine issues of fact detailed in Plaintiff's Response and Exhibits

(Doc. No. 26), Defendant's argument is unavailing.  As set forth above, on a motion for summary judgment, it is the moving party who has the burden of proving that no genuine issue of material fact exists with respect to the causes of action.  Simply citing to a few particular discovery responses, in isolation from the rest of the record, is not sufficient to shift the burden to Plaintiff to prove all of the essential elements of its claims before discovery is even complete.  Further, the discovery responses do not lead to the conclusion that no evidence exists to support Plaintiff's claims against Defendant.[1] The excerpts cited do not establish much of anything, other than the lack of the specific documentation sought, and that discovery is ongoing.

As set forth by Plaintiff in its Response (Doc. No. 26), it is readily apparent that there are genuine issues of material fact here that preclude summary judgment at this stage.  As pointed out by Plaintiff, Defendant's own discovery responses indicate that he purchased the device in question "to assist with his satellite dish" and that he had access to DIRECTV equipment at the time of his purchase (Doc. No. 26 at 10, and attached Exhibits).  There is evidence that Defendant purchased a subscription for private script and technical support in order to use this device, and that he visited known pirate forums before and after his purchase of the subject device.  Although Plaintiff concedes that it does not currently have direct evidence of its claim that Defendant imported, assembled, distributed, or sold pirate access devices to others (*Id.* at 13), Plaintiff points out that the secretive and criminal nature of such action makes it unlikely that evidence will be readily provided by a defendant, and is most often obtained through third parties, as discovery progresses.  It is well established in the Eleventh Circuit that summary judgment is inappropriate before the nonmoving party has had an

---

[1]The Court also notes that Defendant has failed to file the discovery documents he refers to in his motion.  As such, the discovery documents are not evidence properly before the Court.

-5-

adequate opportunity for discovery.  *Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir.1992); *Florida Power & Light Co. v. Allis Chalmers Corp*., 893 F.2d 1313, 1316 (11th Cir.1990); *See also* Fed. R. Civ. P. 56(f).  In light of these circumstances, the motion for summary judgment is premature at best.

The motion should therefore be denied, without prejudice, subject to renewal, if appropriate, upon the conclusion of discovery.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 7, 2005.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy